United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JABDIEL ARTOLA REYES, | § | |
| "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00518 |
| WARDEN, El Valle Detention Center, *et al., in their official capacities,* | § | |
| "Respondents." | § | |

**ORDER**

Before the Court is Petitioner's "Verified Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"); Petitioner's "Emergent Motion for Preliminary Relief or a Truncated Briefing Schedule" (Dkt. No. 2) ("Motion"); Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 8) ("MSJ"), and "Petitioner's Memorandum in Opposition to Respondents' Motion for Summary Judgment" (Dkt. No. 9) ("Reply"). For these reasons, the Petition (Dkt. No. 1) is **DENIED**.

## I. BACKGROUND

Petitioner is a Cuban citizen who has been detained at El Valle Detention Center since April 22, 2026. Dkt. No. 1 at 2-3. Petitioner is presently in removal proceedings. *See* Dkt. No. 8-2 at 1.

The Petition challenges Petitioner's continued detention without a bond hearing on procedural and substantive due process grounds. Dkt. No. 1 at 4-6.

## II. DISCUSSION

Petitioner's constitutional claims are not viable at this stage because detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). Although the *Demore* Court recognized the possibility of circumstances where such detention could become constitutionally suspect, *see, e.g.*, *id.* at 532 (Kennedy, J., concurring), the Petition does not raise any such issues. *See* Dkt. No. 1 at 1-3. Petitioner has been detained for roughly 5 months, *id.* at 3, and was recently slated for a hearing before an Immigration Judge. *See* Dkt. No.

8-2 at 1. Nothing suggests that Petitioner's detention, as pleaded, has been needlessly prolonged. The Court thus finds that Petitioner's current detention remains commensurate with the constitutionally permissible purpose of facilitating deportation. *See Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring).

## III. CONCLUSION

For these reasons, the Petition (Dkt. No. 1) is **DENIED**. Petitioner's Motion (Dkt. No. 2) and Respondents' MSJ (Dkt. No. 8) are both **DENIED as moot**. The Clerk of Court is **INSTRUCTED** to close this case.

Signed on this 22nd day of September 2026.

Rolando Olvera
United States District Judge